## STEELE *v.* GEORGIA IRON AND COAL COMPANY.

1. The original petition was subject to the demurrer. But the amendment, alleging that the deceased was ignorant of the condition of the electric light, and of the other acts of negligence complained of, cured the defect. As amended the petition set out a cause of action.
2. Even if a demurrer does not admit an impossibility when alleged in a petition, there is nothing to show that the deceased necessarily knew of the defect in the light. Nor does it appear how long he had been employed at the place and in the particular service referred to in the petition.

Argued November 16,—Decided December 12, 1904.

Action for damages. Before Judge Fite. Dade superior court. March term, 1904.

This was a suit by a dependent father, for the homicide of his son who contributed to his support. It alleged that the son, Noah Steele, was an employee of the Georgia Iron and Coal Company, engaged in running at night the blowing engine and near-by pumps; that he was was obliged to go from the engine to the pumps; that between the two was a large and deep cistern across which loose planks were laid, over which the defendant was obliged to go at night in the performance of his required duties; that the plank had become slippery from being saturated with oil; that an electric light was used to illuminate the location, and it was so defective that it would at times almost completely die out, leaving the grounds in almost utter darkness; that on the 25th of April, 1903, owing to the defects and slippery condition of the plank and the defective light, Noah Steele, in going to the pump, without fault on his part fell into the cistern of hot water and was drowned; and that the company was negligent, in failing to cover the cistern, and in maintaining the defective light. There was a demurrer on the ground that the petition set out no cause of action, and that the dangers and defects complained of were obvious to the employees, and the risks created thereby assumed by him. The plaintiff thereupon amended by alleging that the defect causing the light to grow dim was unknown to the deceased at the time of the accident, nor did he have knowledge of the fact that the water in the cistern was hot. By amendment he also alleged that all of the defective conditions set out in the original petition were unknown to the deceased; that he had no means of knowing the same, but that the defendant well knew thereof, and was negligent in not notifying the deceased, whose employment did not embrace a line of employment connected with the light. The court sustained the demurrer, and the plaintiff excepted.

  *B. T Brock* and *R. J. & J McCamy*, for plaintiff.
  *W. U. Jacoway* and *duBignon & Alston*, for defendant.

LAMAR, J. (After stating the facts.) The original petition was no doubt subject to demurrer. As drawn it referred to defects which were apparently of a kind open to the sight of the employee. Construing the petition against the pleader, it also indicated that the periodical dimness of the light was that usual in arc lights, occasioned by the imperfect connection but naturally caused by the gradual consumption of the carbon. But these

matters were cured by the positive allegations of the amendment, that the defendant did not know thereof, could not learn thereof, and that they were known to the company. Even if it be true that a demurrer does not admit an impossibility, there is nothing here to show that these allegations admitted by the demurrer could not possibly be true. It does not appear how long the deceased had been employed at this place, or in this particular service. As amended the petition set out a cause of action.

*Judgment reversed. All the Justices concur, except Candler, J., disqualified.*